Robert M. Tzall
Nevada State Bar No. 13412
The Law Offices of Robert M. Tzall
1481 W Warm Springs Rd Suite 135,
Henderson, NV 89014
Tel: 702-666-0233
robert@tzalllegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| YEHUDA IZMAGRISTO, | ) | Docket No. |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | |
| FIRST BANKCARD; a division of | ) | |
| FIRST NATIONAL BANK OF OMAHA. | ) | |
| Defendant. | ) | |

Plaintiff Yehuda Izmagristo ("Plaintiff") by and through his attorneys, The Law Offices of Robert M. Tzall as and for his Complaint against Defendant First Bankcard, a division of First National Bank of Omaha ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendant's violations of Section 227 *et. seq.* of Title 47 of the United States Code, commonly referred to as the Telephone Consumer Protection Act ("TCPA").

2.   The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like the Plaintiff.

3.   In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "technologies that might allow consumers to avoid receiving such calls are not universally available, are costly, and are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA Pub. L. 102-243, Section 11.

4.   Toward this end, Congress found that "banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion *Id.* at §12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, No. 11-C-5886, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5.   Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also Mims*, 132 S. Ct. at 744.


**PARTIES**

6.   Plaintiff is a resident of the State of Nevada, County of Clark, residing at 8945 Waymire Creek CT, Las Vegas, NV, 89147.

7.   Defendant First Bankcard is a Nebraska corporation with an address for service at 1620 Dodge St, Stop 3290, Omaha, NE, 68197.

**JURISDICTION AND VENUE**

8.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

10.     To have standing in federal court, Plaintiff must have suffered a particularized and concrete harm.

11.     Unwanted calls cause both tangible and intangible harms.

12.     Plaintiff received unwanted calls from the Defendant in the state of Nevada making this the proper jurisdiction and venue.

13.     In the recent Supreme Court decision of *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (May 16, 2016), the Court stated that one way to establish that an intangible injury is concrete is to evaluate whether it "has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American court." *Id* at *7.

14.     For example, invasion of privacy is an intangible harm that is recognized by the common law and is recognized as a common law tort.

15.     When enacting the TCPA, Congress stressed the purpose of protecting consumers' privacy.

16.     As Senator Hollings, the Act's sponsor, stated "Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall." 137 Cong. Rec. 30,821-30,822 (1991).

17.     In a recent decision discussing Plaintiff's Article III standing for a TCPA claim, the Second Circuit stated "*Leyse* concluded that the plaintiff's receipt of an unconsented to

- 3 -

voicemail message was sufficient to establish a concrete injury. If an unauthorized voicemail is concrete injury, then this Court fails to see how unauthorized text messages are not also concrete injury. Therefore, this Court concludes—as *Leyse, Zani*, and *Bell* did in similar circumstances—that Plaintiffs have adequately alleged injury in fact sufficient to establish Article III standing. Melito v. Am. Eagle Outfitters, Inc., No. 14-CV-2440 (VEC), 2017 U.S. Dist. LEXIS 146343, at *19 (S.D.N.Y. Sep. 8, 2017).

## FACTUAL ALLEGATIONS

18.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

19.     On information and belief, on a date better known to Defendant, Defendant began calling Plaintiff's cellular telephone, using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or using an artificial or prerecorded voice.

20.     Defendant placed calls to Plaintiff's cell phone number ending in 6365 in the manner described previously.

21.     Plaintiff spoke with Defendant on or around March 23, 2018 and revoked any consent that Defendant may have had to contact him on his cellular telephone.

22.     Once Defendant was aware that its calls were unwanted, its continued calls could have served no purpose other than harassment.

23.     By calling the Plaintiff, the Plaintiff was harmed in the exact way that Congress sought to protect in enacting the TCPA.

24.     These unsolicited calls placed to Plaintiff's wireless telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), which

had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers, to place text message calls to Plaintiff's cellular telephone.

25.     The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurred monthly charges pursuant to 47 U.S.C. § 227 (b)(1).

26.     These calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

27.     Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A) and revoked any alleged prior express consent, yet still continued to receive phone calls.

28.     These calls by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

## FIRST CAUSE OF ACTION
### (NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT)
### 47 U.S.C. § 227 *ET SEQ.*

29.     Plaintiff repeats, reiterates and incorporates the allegations contained in all of the paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

30.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

31.     As a result of Defendants negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## SECOND CAUSE OF ACTION

### (KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT) 47 U.S.C. § 227 *ET SEQ.*

32.     Plaintiff repeats, reiterates and incorporates the allegations contained in all of the paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

33.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

34.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each of the Class are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## DEMAND FOR TRIAL BY JURY

35.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Yehuda Izmagristo demands judgment from the First Bankcard a division of First National Bank of Omaha as follows:

a)      For actual damages provided and pursuant to 47 U.S.C. § 227(b)(3);

b)      For statutory damages provided and pursuant to 47 U.S.C. § 227(b)(3);

c)      For attorney fees and costs provided and pursuant to 47 U.S.C. § 227(b)(3);

1        d)    A declaration that the Defendant's practices violated the TCPA; and

2        e)    For any such other and further relief, as well as further costs, expenses and

3        disbursements of this action as this Court may deem just and proper.

4

5

6    DATED, this 27 day of March, 2019

7

8                          /s/Robert M. Tzall

                          Robert M. Tzall

9                              **The Law Offices of Robert M. Tzall**

                          *Attorney for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28